[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-11405

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 14, 2005**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 03-00048 CR-J-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSHANDA D. JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 14, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and COX, Circuit Judges.

PER CURIAM:

Roshanda D. Johnson appeals her sentence for conspiracy to defraud the

Internal Revenue Service in violation of 18 U.S.C. § 286, and for transferring and

using the identification of another with the intent to commit an unlawful activity in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D). We vacate and remand for resentencing.

We find no error in the district court's calculation of the sentence under the Guidelines, except that the court erred in calculating the amount of loss by including the amount of the tax refunds to which the taxpayers were legitimately entitled. The district court did not err by including the refund Johnson received from her 1996 tax return in the loss calculations. Nor did the court err in determining that Johnson's conduct involved more than minimal planning, and in applying the abuse of trust and vulnerable victim enhancements.

Under the Guidelines, the amount of loss does not have to be determined with exact precision, and a court need only determine a reasonable estimation of the loss given the available information. U.S.S.G. § 2F1.1, comment. (n.8) (1997). However, the court provided no basis for why a reasonable estimation should include legitimate tax refunds. Accordingly, we vacate Johnson's sentence and remand for resentencing.

Resentencing in this case must of necessity be consistent with the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). That being the case, we need not address defendant's argument that her original sentencing violated

*Booker*. *See United States v. Thompson*, No. 04-2614 (8th Cir. April 14, 2005) (stating that the court need not address a *Booker* issue where defendant's sentence was vacated and remanded for resentencing on other grounds).

SENTENCE VACATED; REMANDED FOR RESENTENCING.